IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANTONINO M. GONZALEZ and <br> ISAAC G. PACHECO <br> *Plaintiffs* <br><br> v. <br><br> TCW, INC. and DANIEL BARKSDALE <br> *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) JURY DEMANDED <br> ) |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COMES Plaintiffs, ANTONINO M. GONZALEZ and ISAAC PACHECHO, complaining of Defendants, TCW, INC. and DANIEL BARKSDALE, and in support thereof would respectfully show the Court as follows:

### I.
### VENUE AND JURISDICTION

1. Plaintiff, ANTONINO M. GONZALEZ, (hereafter "Plaintiff Gonzalez") is an individual residing in Ciudad Sumidero, Veracruz Mexico.

2. Plaintiff, ISAAC G. PACHECO, (hereafter "Plaintiff Pacheco") is an individual residing in Ciudad Sumidero, Veracruz Mexico.

3. Defendant, TCW, INC. is a corporation formed in and under the laws of the State of Tennessee, may be served with process by serving its Registered Agent, Scott George, 22 Stanley St., Nashville, TN 37210-2133. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

4. Defendant, DANIEL BARKSDALE (hereafter "Defendant Barksdale") is a commercial truck driver for TCW, INC, and resident of the State of Tennessee. Mr. Barksdale may be served with process at his residence address of 1405 Rugosa Ct., Anitoch, TN 37013. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 1 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 1 of 10 PageID #: 1

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The motor vehicle accident, which is the subject of this complaint, occurred on February 13, 2019, in Shelby County, Tennessee.

7. This case was originally filed under Cause No. 2019CVA000999D39 in the 341st District Court of Webb County, Texas and on August 21, 2020 an Order granting Defendants TCW, INC. and DANIEL BARKSDALE Special Appearance was entered dismissing the claims without prejudice to be refiled in a court with proper jurisdiction. Consequently, removal would be improper.

## II.
## NATURE OF THE CASE

8. On or about February 13, 2019, Plaintiff, ANTONINO M. GONZALEZ with ISAAC G PACHECO as passenger, were travelling west on Interstate 40, when Defendant, BARKSDALE, failed to keep a proper lookout and struck Plaintiffs' vehicle. Plaintiff Antonino M. Gonzalez was driving a 2012 International Tractor-Trailer owned by Alterri Transport, Inc. Defendant BARKSDALE was driving a 2016 Peterbilt Tractor-Trailer owned by Defendant, TCW, INC. As a result of the accident, Plaintiffs sustained serious injuries.

## III.
## CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT BARKSDALE

9. Defendant Daniel Barksdale had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 2 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 2 of 10 PageID #: 2

10. Plaintiff's injuries were proximately caused by Defendant Barksdale's negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendant Barksdale consisted of, but is not limited to, the following acts and omissions:

    1. In that Defendant Barksdale failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    2. In that Defendant Barksdale failed to warn the Plaintiffs of any impending accident;

    3. In driving his vehicle at a rate of speed that was greater than that which an ordinary prudent person would have driven under the same or similar circumstances;

    4. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    5. In driving a vehicle in willful or wanton disregard for the safety of persons; and

    6. In failing to control his speed and bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances.

### B. NEGLIGENCE *PER SE* OF DANIEL BARKSDALE

12. The allegations alleged in the above paragraphs are re-alleged and are incorporated herein by reference.

13. The collision described above, and the resulting injuries and damages suffered by Plaintiffs, were proximately caused by the negligent *per se* conduct of Daniel Barksdale in one or more of the following respects and in direct violation of Title 55 of the Tennessee Code pertaining to motor vehicles:

    1. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 3 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 3 of 10 PageID #: 3

2. In driving a vehicle in willful or wanton disregard for the safety of persons;

3. In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances;

4. In failing to control his speed; and

5. In failing to keep a proper distance and following too closely.

14. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se*.

15. Defendant Barksdale committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.

### C. NEGLIGENCE OF TCW, INC.

16. Daniel Barksdale was an employee of Defendant TCW, Inc. and was acting within the course and scope of that employment at the time of the accident. As such, Defendant TCW, Inc. is directly liable for the wrongful acts or omissions of Daniel Barksdale.

17. Defendant TCW, Inc. had a duty to exercise reasonable care in the management and operation of its commercial trucks.

18. Additionally, Defendant TCW, Inc. had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 4 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 4 of 10 PageID #: 4

19. Defendant TCW, Inc. committed acts of omission and commission that collectively and severally constituted negligence. Defendant's wrongful conduct and negligence were the proximate cause of the incident and the injuries and damages sustained by the Plaintiffs.

20. Defendant TCW, Inc. is further negligent for, but not limited to, the following:

    1. Failing to use ordinary care in the hiring of its employees;

    2. Failure to use ordinary care in exercising whatever control it retains over an employee, independent contractor or subcontractor;

    3. Failure to use ordinary care in supervising its employees;

    4. Failure to use ordinary care in retaining its employees;

    5. Failure to use ordinary care in training its employees;

    6. Failure to use reasonable care in formulating the policies and procedures that govern its employees; and

    7. Failure to exercise reasonable care in the selection of employees and to periodically monitor and review the employee's competence.

21. Failure to exercise reasonable care by and through its employee who was operating a vehicle on the occasion in question at a speed that was unreasonably prudent and safe.

22. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant TCW, Inc., Plaintiffs, Antonino M. Gonzalez and Isaac G. Pacheco, suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which they seek relief pursuant to Tennessee State laws.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 5 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 5 of 10 PageID #: 5

### D. NEGLIGENCE *PER SE* OF TCW, INC.

23. The allegations alleged in the above paragraphs are re-alleged and are incorporated herein by reference.

24. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendant TCW, Inc., jointly and severally, by and through its agents, servants and/or employees acting in the course and scope of employment:

   1. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

   2. In driving a vehicle in willful or wanton disregard for the safety of persons;

   3. In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances;

   4. In failing to control his speed; and

   5. In failing to keep a proper distance and following too closely.

25. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se*.

26. Defendants TCW, Inc. committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.

## IV.
## NEGLIGENT ENTRUSTMENT

27. Defendant TCW, Inc. is also liable for Plaintiffs' injuries and damages under the theory of negligent entrustment. Defendant TCW, Inc. was the owner of the vehicle driven by its employee, Daniel Barksdale, at the time of the collision in question.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 6 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 6 of 10 PageID #: 6

28. Defendant TCW, Inc. entrusted the vehicle to its employee, on the date in question. At the time of the entrustment, its employee, was an incompetent and/or reckless driver. Defendant TCW, Inc. knew or should have known that its employee was an incompetent and/or reckless driver. Defendant TCW, Inc. was negligent on the occasion in question.

## V.
## RESPONDEAT SUPERIOR

29. The driver for Defendant TCW, Inc. is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendant TCW, Inc. Therefore, Defendant TCW, Inc. is liable for its driver's acts and omissions under the doctrine of *respondeat superior*. Alternatively, Defendant, TCW, Inc. is responsible for the acts or omissions and/or *per se* negligent acts or omissions of its employees, under 49 C.F.R. 1057 and/or other laws.

30. Plaintiffs allege that Defendant, TCW, Inc., was negligent and that such negligence was a proximate cause of the accident. Such negligence includes, but is not limited to, failure to supervise, failure to properly train its drivers and failure to establish an adequate safety driving program.

## VI.
## DAMAGES CLAIMS OF ANTONIO M. GONZALEZ AND ISAAC G. PACHECO

31. Plaintiffs incorporate by reference the allegations set forth above. Plaintiffs have suffered personal injuries all of which are a result of the automobile collision made the basis of this lawsuit.

32. Plaintiffs sustained severe and permanent physical, mental, and emotional injuries as well as economic losses. As such, Plaintiffs seek the following damages:

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 7 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 7 of 10 PageID #: 7

1. <u>Medical Expenses</u>: Plaintiffs have suffered severe and permanent bodily injuries. Plaintiffs have incurred significant medical expenses in connection with said injuries and in all reasonable medical probability will incur significant future medical expenses for the remainder of their lives.

2. <u>Physical Pain</u>: Plaintiffs have endured significant physical pain in the past and will endure pain in the future.

3. <u>Mental Anguish</u>: Plaintiffs have endured tremendous mental anguish in the past and will endure mental anguish in the future.

4. <u>Impairment</u>: Plaintiffs have suffered traumatic physical and mental impairment in the past and will continue to suffer the effects into the future and likely for the remainder of their lives.

5. <u>Disfigurement</u>: Plaintiffs have suffered disfigurement in the past and will suffer from disfigurement in the future.

6. <u>Lost Wages:</u> Plaintiffs have suffered lost wages in the past and will suffer from lost wages in the future.

7. <u>Pecuniary Loss</u>: Plaintiffs have suffered pecuniary loss in the past and will in all probability, be incurred in the future.

## VII.
## JURISDICTIONAL AMOUNT

33. By reason of the facts alleged herein, the Plaintiffs have been made to suffer and sustain injuries and damages at the hands of these Defendants in excess of the minimum jurisdictional limits of this court and in an amount to" be determined by the jury in this case and as the evidence may show proper at the time of the trial.

## VIII.
## ATTORNEY FEES & COSTS

34. Plaintiffs are entitled to an award of attorney fees and costs under FRCP 54(d).

## IX.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 8 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 8 of 10 PageID #: 8

35. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

36. Plaintiffs respectfully designate the United States Courthouse, 801 Broadway, Nashville, Tennessee 37203 as the place for trial to commence in this case. Furthermore, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket.

## XI.
## CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

## PRAYER

WHEREFORE, Plaintiffs pray that this case be set for trial before a jury, that they may recover a judgment of and from the Defendants, for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which they may show himself to be justly entitled.

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 9 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 9 of 10 PageID #: 9

Respectfully submitted,

**McKellar|Smith, PLC**

/s/ Andrea Taylor McKellar
Andrea Taylor McKellar, BPR #019618
311 22nd Avenue North
Nashville, TN 37215
Telephone: 615.866.9828
Facsimile: 615.866.9863
amckellar@mckellarsmith.com

*Antonio M. Gonzalez and Isaac G. Pacheco v. TCW, Inc., et al*
Plaintiffs' Original Complaint
Page 10 of 10
Case 3:21-mc-09999   Document 1   Filed 01/04/21   Page 10 of 10 PageID #: 10