# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **Terpsehore Maras,** | |
| **Plaintiff,** | **Civil Action No. : _____** |
| v. | **JURY DEMAND** |
| **US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,** | |
| **Defendants,** | |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Terpsehore Maras, by and through undersigned counsel and pursuant to 28 U.S.C. § 1332, hereby files this Verified Complaint for defamation and would show unto this Honorable Court the following:

### I.  PARTIES

1. Plaintiff Terpsehore Maras (hereinafter "Plaintiff") is a resident of the State of Ohio and she currently resides in Cleveland, Ohio.

2. Defendant US Dominion, Inc. is a resident of Colorado with a principal place of business located at 1201 18th Street, Suite 210, Denver, Colorado 80202.

3. Defendant Dominion Voting Systems, Inc. is a resident of Colorado with a principal place of business located at 1201 18th Street, Suite 210, Denver, Colorado 80202.

4. Defendant Dominion Voting Systems Corporation is a resident of Colorado with a principal place of business located at 1201 18th Street, Suite 210, Denver, Colorado 80202.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists and the matter in controversy exceeds $75,000 exclusive of interests and costs.

6. The Defendants, US Dominion, Inc., Dominion Voting Systems, Inc. and Dominion, are subject to the general personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and because of systematic and continuous contacts within the State of Tennessee render it at home here.



Tennessee Secretary of State, Business Entity Detail for Dominion Voting Systems, Inc., https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=2292552400502470381420042441691820 58244126001138 (last accessed August 16, 2021).

7. The Defendants transact business in Williamson County, Tennessee.



8. The Defendants are subject to the general personal jurisdiction of this Court pursuant to Tenn. Code Ann. § 20-2-223.



9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). Defendants' defamatory statements were published in this District, Defendants regularly conduct business within this District by supplying Williamson County, Tennessee with electronic voting machines and Defendants' receive revenue from conducting business in this District.

### III. STATEMENT OF FACTS

10. On November 29, 2020, Plaintiff Terpsehore Maras swore under oath and penalty of perjury that the testimony she provided was true and correct to the best of her knowledge.



11. On December 2, 2020, Plaintiff's Affidavit was filed as Exhibit 13 in Sidney Powell's election fraud case styled, *Tyler Bowyer et al. v. Doug Ducey, in his official capacity as the Governor of the State of Arizona et al.*, United States District Court for the District of Arizona, Case No. 2:20-cv-02321-DJH.

12. Plaintiff is the Declarant/Affiant who signed the Affidavit attached as Exhibit 13.

> 80. Another Declarant first explains the foundations of her opinion and then addresses the concerns of foreign interference in our elections through hardware components from companies based in foreign countries with adverse interests. (*See* Ex. 13). She explains that Dominion Voting Systems works with SCYTL, and that votes on route, before reporting, go to SCYTL in foreign countries. On the way, they get mixed and an algorithm is applied, which is done through a secretive process.
>
>> The core software used by ALL SCYTL related Election Machine/Software manufacturers ensures "anonymity" Algorithms within the area of this "shuffling" to maintain anonymity allows for setting values to achieve a desired goal under the guise of "encryption" in the trap-door... *Id.*
>
> 81. The Affiant goes on to explain the foreign relationships in the hardware used by Dominion Voting Systems and its subsidiary Sequoia and explains specifically the port that Dominion uses, which is called Edge Gateway and that is a part of Akamai Technologies based in Germany and China.
>
> 82. This Declarant further explains the foundations of her opinion and then
>
> - 28 -
>
> Case 2:20-cv-02321-DJH   Document 1   Filed 12/02/20   Page 29 of 53

13. Plaintiff's sworn testimony explained the foundations of her expert opinions and personal knowledge then addressed the concerns she had regarding foreign interference in our elections through hardware components from companies based in foreign countries with adverse interests among other concerns. Complaint, ¶ 80, *Bowyer v. Ducey*, Case No. 2:20-cv-02321-DJH (D. Az. 2020) (attached as Exhibit 1).

14. According to the Court's Order, entered December 9, 2020, the United States District Court for the District of Arizona stated: "But perhaps more concerning to the Court is that the 'expert reports' reach implausible conclusions often because they are derived from wholly unreliable sources." Order, p. 25. *Bowyer v. Ducey*, Case No. 2:20-cv-02321-DJH (D. Az. 2020) (attached hereto as Exhibit 2).

15. The Court's Order never stated that Plaintiff's sources were wholly unreliable.

16. The Court's Order never mentioned Terpsehore Maras' name.

17. The Court's Order never discussed Plaintiff's testimony.

18. The Court's Order never stated Plaintiff's testimony was false.

19. On January 8, 2021, Dominion filed suit against Sidney Powell, Sidney Powell, P.C. and Defending the Republic, Inc. for defamation and deceptive trade practices.

20. In suing Sidney Powell for defamation, Dominion defamed Plaintiff.

21. Dominion falsely stated that "The 'wholly unreliable sources' put forward by Powell and Wood in that case (whose declarations were posted on Powell's fundraising website) included Terpsichore [sic] Maras-Lindeman [sic], Russell Ramsland, William, Briggs, and Josh Merritt a.k.a. 'Spyder.'" Complaint, ¶ 82, *Bowyer v. Ducey*, Case No. 2:20-cv-02321-DJH (D. Az. 2020).

22. Every single Paragraph in Terpsehore Maras' Affidavit is sworn testimony given under oath and penalty of perjury. Affidavit of Terpsehore Maras (attached as Exhibit 3)

23. Defendants using plaintiff's affidavit as evidence for defamation.

24. The Defendants libeled and defamed Plaintiff in a defamation suit against Sidney Powell.

25. Defendants have not disproved any allegation in Plaintiff's Affidavit.

26. Defendants have not disproved any Paragraph in Plaintiff's Affidavit.

27. Defendants cannot disprove any Paragraph in Plaintiff's Affidavit

28. The Defendants have libeled Plaintiff in Plaintiffs' Complaint, In the United States District Court for the District of Columbia, Case No. 1:21-cv-00040, filed January 8, 2021. (attached hereto as Exhibit 4).

29. Therefore, the Defendants are declaring that the Plaintiff is guilty of the crime of perjury by portraying it as false information.

30. Dominion had no applicable privilege or legal authorization to make these false and defamatory and libelous statements about the Plaintiff.

31. Dominion published the above-referenced statements with actual malice, knowing or recklessly disregarding that they are false.

32. Plaintiff is entitled to punitive damages pursuant to Tenn. Code Ann. § 29-39-104, as there is clear and convincing evidence and sworn testimony that Defendants have not proven false.

33. Plaintiff contends that the punitive damages cap is unconstitutional pursuant to The Constitution of the State of Tennessee, Art. I, Sections 6 and 17.

34. Dominion's statements are defamatory *per se*.

35. Dominion's false statements have exposed Plaintiff to the most extreme hatred and contempt and has harmed Plaintiff's professional reputation and her credibility.

36. There are no accusations that could do more damage to Plaintiff's integrity, ethics and honesty.

**WHEREFORE,** as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendants, requiring them to Answer under oath with a Verified Answer in the time period allotted by law, and that this Honorable Court would award Judgment in Plaintiff's favor against the Defendants as follows:

1. awarding Plaintiff compensatory damages of not less than $1,700,000,000;

2. awarding Plaintiff punitive damages of not less than $1,700,000,000;

3. awarding Plaintiff all expenses and costs, including attorneys' fees;

4. awarding Plaintiff pre- and post-judgment interest;

5. granting a narrowly tailored permanent injunction requiring the removal of all the Defendants' statements that are determined to be false and defamatory and enjoining the Defendants from repeating such statements in the future;

6. such other relief as the Court deems appropriate; and

7. Plaintiff's further demand a jury of twelve persons to try all issues joined herein.

Respectfully submitted this 16th day of August, 2021.

THE NEWMAN LAW FIRM

By: /s/Russell A. Newman
Russell A. Newman, BPR # 033462
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
(615) 554-1510 (Telephone)
(615) 283-3529 (Facsimile)
E-mail:russell@thenewmanlawfirm.com
*Attorney for Plaintiff Terpsehore Maras*